FILED'11 MAY 17 12:02 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES RIVER INS. CO.,

    Plaintiff,

v.

CELL TECH INTERNATIONAL
INC., et al.,

    Defendants.

Civ. No. 10-3124-PA

**ORDER**

**PANNER, J.**

Plaintiff James River Insurance Co. seeks a declaration that it has no duty under a liability policy to defend or indemnify its insured, defendant Cell Tech International, Inc. (Cell Tech). Cell Tech, along with defendants Kazi Management VI, LLC; Zubair M. Kazi; and Jean Gleason (the Cell Tech defendants) are defendants in a breach of contract action brought by Tetra Financial Group, LLC (Tetra), in the U.S. District Court for the District of Utah. Plaintiff has also named Tetra as a defendant in this action.

Tetra now moves to dismiss for lack of personal jurisdiction. I grant the motion.

1 - ORDER

## BACKGROUND

Tetra is a Utah limited liability company based in Salt Lake County. Tetra is in the business of leasing equipment through finance leases. With a finance lease, Tetra's customer selects equipment it wishes to lease from Tetra, and chooses a vendor for the equipment. Tetra then purchases the equipment from the vendor and leases the equipment to the customer.

In the underlying Utah litigation, Tetra alleges that Cell Tech breached an agreement to lease software from Tetra. Cell Tech is a Delaware corporation with its principal place of business in Klamath Falls, Oregon. Tetra and Cell Tech negotiated the lease by telephone, fax, mail, and email. No one from Tetra traveled to Oregon to solicit Cell Tech's business or to negotiate the lease.

Tetra does not advertise in any Oregon newspapers, television networks, or radio stations. Tetra does not own real property in Oregon and does not have bank accounts in Oregon. Tetra has no agent for service of process in Oregon.

Out of more than 450 leases in its history, Tetra has entered into five leases with Oregon residents, with a total face value of about $2 million. The value of Tetra's leases with Oregon residents comprises less than 1% of Tetra's total leases. The equipment Tetra leases to Oregon residents is not necessarily "physically located in the State of Oregon." 2d Greenwell Aff. ¶ 6. Tetra obtained two of its Oregon leases through an Oregon-based broker, but Tetra did not use a broker for its lease with Cell Tech.

The master lease between Tetra and Cell Tech includes a

2 - ORDER

choice of law clause providing that Utah law governs the construction, validity, and performance of the lease.  The lease also includes a forum selection clause providing that litigation relating to or arising under the lease must be brought in a state or federal court in Salt Lake County, Utah.[1]

In the underlying Utah litigation, Tetra alleges Cell Tech defaulted on lease payments due, and Kazi and Kazi Management failed to honor obligations to guaranty Cell Tech's payments.  Kazi Management is based in the U.S. Virgin Islands, and Kazi is a citizen of the Virgin Islands.  Tetra also alleges Cell Tech and Gleason made defamatory statements about Tetra.  Plaintiff has been defending the Cell Tech defendants in the underlying Utah litigation brought by Tetra.  In this action, plaintiff claims it has no duty under the liability policy to defend or indemnify the Cell Tech defendants in the underlying Utah litigation.

## STANDARDS

The plaintiff has the burden of proving personal jurisdiction.  Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).  When the court determines personal jurisdiction without an evidentiary hearing, based

---

[1] The forum selection clause, ¶ 20(e), provides:
Lessor and Lessee agree that any and all claims, disputes and controversies arising out of or relating to this Master Lease shall be brought only in the state or federal courts sitting in County of Salt Lake, Utah, and Lessor and Lessee irrevocably and unconditional submit to the sole and exclusive jurisdiction of such courts and waive any objection to the jurisdiction or venue of such courts or Utah law governing the Lease Documents.  NO LAWSUIT, PROCEEDING OR ANY OTHER ACTION RELATING TO OR ARISING UNDER THE LEASE DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED THEREBY MAY BE COMMENCED OR PROSECUTED IN ANY OTHER FORUM.

3 - ORDER

solely on affidavits and discovery materials, the court may dismiss only if the plaintiff has not made a prima facie showing. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 n.3 (9th Cir. 1993). The court must accept the plaintiff's allegations as true. Corporate Inv. Business Brokers v. Melcher, 824 F.2d 786, 787 (9th Cir. 1987).

## DISCUSSION

In a diversity action, the court's assertion of personal jurisdiction must comply with the forum state's long-arm statute and with federal due process. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 838 (9th Cir. 1986). Oregon permits personal jurisdiction to the limits of federal due process, so this court may proceed directly to the federal due process analysis. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990); Or. R. Civ. P. 4 L.

There are two types of personal jurisdiction, general and specific. Here, only specific jurisdiction is at issue. See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) ("if a defendant has not had continuous and systematic contacts with the state sufficient to confer 'general jurisdiction,' a court may exercise 'specific jurisdiction'").

Courts apply a three-part test for specific jurisdiction: (1) the defendant must have performed an act or consummated a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must

4 - ORDER

be reasonable. Rano, 987 F.2d at 588.

If the plaintiff fails to satisfy either of the first two requirements, there is no jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the defendant then must present a compelling case that exercising jurisdiction would not be reasonable. Id.

## I. Purposeful Availment

A plaintiff shows purposeful availment when a "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "[T]he mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction." Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990). Courts require purposeful availment so that "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

Here, the lease with Cell Tech is Tetra's primary contact with Oregon. The lease required application of Utah law and restricted jurisdiction to courts in Utah, so Tetra had no reason to anticipate that it would be haled into an Oregon court because of a dispute over the lease. Tetra's other contacts with Oregon are minimal, and Tetra has no connection

5 - ORDER

to plaintiff or to the insurance policy issued by plaintiff. Plaintiff has not shown that Tetra purposefully availed itself of the privilege of doing business in Oregon.

## II. Arising From Forum-Related Activities

The court applies a "but for" test to determine whether a claim arises out of a defendant's forum-related activities. <u>Ballard v. Savage</u>, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiff argues that but for Tetra's lease to Cell Tech, plaintiff would not have brought this lawsuit. I disagree. The basis of this action is plaintiff's insurance policy, not Tetra's lease. Plaintiff relies on an overly expansive definition of causation.

## III. Reasonableness

Because plaintiff has not shown purposeful availment or "but for" causation, I need not address reasonableness. <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 925 (9th Cir. 2001). Even if plaintiff could establish the first two requirements for personal jurisdiction, I would conclude that Tetra has shown that exercising specific jurisdiction would be unreasonable.

To determine reasonableness, the court should consider: (1) the extent of the defendant's purposeful interjection; (2) the burden on the defendant to defend the action in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for resolving the dispute; (6) the importance of the chosen forum to affording plaintiff effective and convenient relief; and (7) the existence of an alternative forum. <u>Decker Coal</u>, 805 F.2d at

6 - ORDER

840.

Here, Tetra had few contacts with Oregon, so Tetra's purposeful interjection was minimal. Because Tetra is based in Utah, litigating in Oregon would be a burden on Tetra. See Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995) (law is more concerned with the defendant's burden). The other factors in the reasonableness test do not favor plaintiff. Tetra has shown that exercising personal jurisdiction would not be reasonable.

## CONCLUSION

Tetra's motion to dismiss (#11) is granted. Plaintiff's claims against Tetra are dismissed without prejudice for lack of personal jurisdiction.

IT IS SO ORDERED.

DATED this 17 day of May, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE